1  STEPHEN YAGMAN (SBN 69737)
2  filing@yagmanlaw.net
   (for court filings only)
3  YAGMAN + REICHMANN, LLP
4  333 Washington Boulevard
   Venice Beach, California 90292-5152
5  (310)452-3200
6
   Presented on behalf of Plaintiff
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **WESTERN DIVISION**

11 | **KORRELL COLE,** | 2:23-cv-10392-SB(PDx) |
   | Plaintiff, | **RULE 26(f) REPORT** |
   | v. | |
14 | **LOS ANGELES COUNTY**, *et al.*, | July 12, 2024 |
   | | 8:30 a.m. |
   | Defendants. | Courtroom 6C |
16 | Original Complaint Filed: 12/11/23 | |
   | Answer Filed: 06/10/24 | |
   | Trial (Proposed): Plaintiff: 01/14/25 | |
   | Defendants: | Judge Stanley Blumenfeld, Jr. |

19

20      Pursuant to Fed. R. Civ. P. Rule 16(b), 26(f), and the court's June 10, 2024

21 mandatory scheduling conference order, Doc. 31, this report is submitted.

22 //

23 //

24 //

25 //

26 //

27 //

28 //

1

(1) Subject matter jurisdiction is under 28 U.S.C. § 1331. The parties agree that federal subject matter jurisdiction exists.

**(1)   Subject Matter Jurisdiction.  (Defendants)**

Defendants concur with Plaintiff's statement.  Plaintiff brings his claim under 42 U.S.C. § 1983, purportedly under the First, Fifth, Eighth, and Fourteenth Amendments.

1      (2) Statement of the case (plaintiff's).

2         Plaintiff's claim is for use of excessive force against him, threatening him,

3 stealing his legal work, and retaliation against him for filing grievances, and the

4 claims are made pursuant to the First, Fifth, Eighth, and Fourteenth Amendments.

5 Defendant Palencia handcuffed plaintiff and then threw plaintiff down a flight of

6 steps, what resulted in plaintiff being hospitalized and temporarily paralyzed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### (2)    Statement of the Case.  (Defendants)

Plaintiff, Korrell Santana Cole, who alleges that at the time of the subject incident was a pretrial detainee in the custody of the Los Angeles County Sheriff's Department ("LASD"), claims that Defendants used excessive force against him, threatened him, confiscated his legal paperwork, and failed to properly process his grievances.  Plaintiff further alleges that Defendants undertook these actions in retaliation for Plaintiff's filing of grievances against LASD personnel.

Specifically, Plaintiff alleges that, on September 14, 2023, Defendant Palencia handcuffed Plaintiff and intentionally caused him to fall down a flight of stairs in Men's Central Jail.  Plaintiff further alleges that Defendant Palencia's actions caused him to be hospitalized and suffer "temporary paralysis."  Also, that Defendant Palencia had previously threatened Plaintiff for filing grievances, chilling his right to petition the government for redress of grievances.  Defendants have denied all of Plaintiff's material allegations.

**Primary Affirmative Defenses:**

1. Qualified immunity, as to the individual Defendants.

2. Plaintiff has failed to mitigate his damages.

3. Plaintiff's claims are barred by Eleventh Amendment Immunity.

4. Pursuant to *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct 2748 (1981), all defendants sued in their official capacities are not liable for exemplary or punitive damages in any sum, or at all.

5. Plaintiff's claims are barred, in whole or in part, pursuant to the Prison Litigation Reform Act.

**Procedural History:**

12/11/2023: Plaintiff filed Complaint.

05/02/24: Plaintiff filed a dismissal as to County of Los Angeles.

05/06/2024: Plaintiff filed Proof of Service of Complaint.

1      06/10/2024: Defendants Sheriff Robert Luna, Andrew Palencia, Brian
2  Pineda, Sergio Palacios, and Clayton Seltzer filed their Answer.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(3) Damages/Insurance:

a. *Damages.* The speculative, realistic range of provable damages is highly subjective, and may be in the range of: compensatory - $250,000.00; punitive - $500,000.00.

b. *Insurance.* The County of Los Angeles and its Sheriff's Dept. employees are self-insured.

4

**(3)** **Damages/Insurance.  (Defendants)**

      a.    *Damages.*

      Plaintiff claims $250,000 in compensatory damages and $500,000 in punitive damages.  Plaintiff has failed to provide any specificity or evidence in support of his damages claim.

      b.    *Insurance.*

      The County of Los Angeles is permissibly self-insured under the laws of the State of California.

(4) Parties, Evidence, *etc*.

Plaintiff, Korrell Cole.

Defendants, Robert Luna, Andrew Palencia, Brian Pineda, Sergio Palacios, and Clayton Seltzer.

Percipient witnesses, the parties.

Key documents, plaintiff's grievances.

5

**(4)**   **Parties, Evidence, etc.  (Defendants)**

Based on information currently known, Defendants anticipate the following list of witnesses and key documents:

1. Parties – Plaintiff and each of the named individual Defendants, Sheriff Robert Luna, Andrew Palencia, Brian Pineda, Sergio Palacios, and Clayton Seltzer.

2. Percipient Witnesses: In addition to the Defendants who worked at the jail where Plaintiff was incarcerated at the time of the incident, LASD personnel involved in the incarceration of Plaintiff and his grievances; as well as medical personnel (LASD or otherwise) involved in the treatment of Plaintiff's alleged injuries.

3. Person(s) most knowledgeable from the LASD regarding policies and procedures related to Plaintiff's claims; and

4. Key Documents – LASD policies upon which Plaintiff bases his *Monell* claims (that have not yet been identified or disclosed by Plaintiff); any available video recordings of Plaintiff during the alleged incident(s); the paperwork that Plaintiff alleges was taken from him (which has not been identified or disclosed by Plaintiff); LASD documents related to Plaintiff's incarceration including, without limitation, inmate movement, inmate grievances, inmate discipline reports, and other documents specific to Plaintiff or inmate witnesses; medical records related to the treatment of Plaintiff's alleged injuries.

1     (5) Discovery.

2     a. *Status of Discovery*.

3     No discovery to date by plaintiff.

4     Plaintiff will propound: requests for admissions, interrogatories, and

5 requests to produce, and then may depose all defendants.

6     b. *Discovery Plan. See* a.

(5)    **Discovery.  (Defendants)**

    a.    *Status of Discovery.*

    Defendants are in the process of preparing written discovery to be propounded upon Plaintiff.  Defendants will propound written discovery (interrogatories, requests for production, and requests for admissions), will take depositions as necessary and proper (including of Plaintiff and any third-party witnesses), and anticipates obtaining records from third parties by way of subpoena.

    b.    *Discovery Plan.*

    Please see above.  In addition, Defendants contemplate discovery will need to be completed as to Plaintiff's current medical condition, his relevant pre-existing medical issues, the nature or extent of Plaintiff's injuries. Defendants also believe that a medical examination of Plaintiff may be necessary.

    Since Plaintiff is currently incarcerated, Defendants also contemplate the necessity of obtaining an order to depose Plaintiff.  If counsel for Plaintiff will not stipulate to such an order, or if the Court will not *sua sponte* enter an order for Plaintiff's in-custody deposition, then Defendants shall file an appropriate motion.

(6)_ Legal Issues.

Whether there were violations of federal rights redressable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), by virtue of the use of excessive force, refusals to process grievances, and customs thereof.

7

1

### (6)    Legal Issues.  (Defendants)

2  Defendants concur with Plaintiff's statement.  Plaintiff's failure to exhaust
3  administrative remedies; qualified immunity; the applicability of the Prison
4  Litigation Reform Act; and 11th Amendment immunity.  In addition, whether the
5  individual Defendants violated Plaintiff's rights and, if so, in what regard and
6  what damages arose therefrom.  Furthermore, whether any Defendants would be
7  subject to supervisory liability and whether there is any basis for liability under
8  *Monell* (as to those Defendants sued in their official capacities).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1     (7) Motions.

2     Plaintiff does not presently contemplate motions.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

(7)     **Motions.  (Defendants)**

    a.     *Procedural Motions.*

In the event that Plaintiff will not stipulate to his in-custody deposition, or the Court will not *sua sponte* enter such an order, then Defendants will bring a motion seeking an order for the same.

    b.     *Dispositive Motions.*

Defendants, at this early juncture, are unsure whether they will file a motion for judgment on the pleadings.  Moreover, subject to investigation and discovery, Defendants anticipate filing a motion for summary judgment as to liability and damages.  Defendants contemplate that issues that may be determined by such motion include qualified immunity, Plaintiff's failure to exhaust administrative remedies, the applicability of the Prison Litigation Reform Act, the lack of personal conduct of Defendants, and that there are no triable issues of material fact concerning one or more of the elements of Plaintiff's claims.

    c.     *Class Certification Motion.*

       Not applicable.

(8) Alternative Dispute Resolution (ADR).

a. No prior settlement discussions.

b. Plaintiff prefers any ADR procedure that has no cost, as plaintiff is impecunious.

1  **(8)**   **Alternative Dispute Resolution (ADR).  (Defendants)**

2  a.   *Prior Discussions.*

3  No prior settlement discussions.

4  b.   *ADR Selection.*

5  Defendants have not been provided any settlement demand by

6  Plaintiff.  Defendants are willing to engage in reasonable settlement discussions

7  using a magistrate judge (ADR-1) or a panel mediator (ADR-2).

(9) Trial.

a. *Proposed Trial Date.*

Plaintiff. (7-12 months) Jan. 14, 2025.

b. *Time estimate*

Plaintiff. Three days, calling as witnesses all parties.

c. *Jury or Court Trial.*

Plaintiff. Jury Trial. Plaintiff requests 12 jurors.

d. *Magistrate Judge.*

Plaintiff. No.

10

**(9)** **Trial.  (Defendants)**

      a.    *Proposed Trial Date.*

Defendants propose a July 2025 trial date.

Defendants believe Plaintiff's claims, due to their fact intensive nature, will require significant discovery.  Furthermore, Plaintiff's incarcerated status will also create additional hurdles which will require time to resolve.  For these reasons, Defendants believe a July 2025 trial is appropriate.

      b.    *Time Estimate.*

Defendants believe that the case could be tried in three to four days. Defendants are not confident in the number or identity of any potential witnesses but contemplate at least a dozen custody personnel and at least half a dozen medical personnel.

      c.    *Jury or Court Trial.*

Defendants request a jury trial.

      d.    *Magistrate Judge.*

Defendants do not consent to the use of a magistrate judge.

      e.    *Trial Counsel.*

If this case proceeds to trial, trial counsel will be Paul B. Beach.

1    (10) Special Requests/Other Issues.

2    Plaintiff. None.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

1

2

**YAGMAN + REICHMANN, LLP**

3

4

By: _____

**STEPHEN YAGMAN**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

**(10)** <u>**Special Requests/Other Issues.  (Defendants)**</u>

    a.   *Independent Expert or Master.*

None.

    b.   *Manual for Complex Litigation Procedures.*

None.

    c.   *Other Issues.*

None.

1

**YAGMAN + REICHMANN, LLP**

2

By: _____    JUN 2 5 2024

3

STEPHEN YAGMAN

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

Dated:  June 24, 2024

LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Paul B. Beach_____
        Paul B. Beach
        Attorneys for Defendants
        Sheriff Robert Luna, Andrew Palencia,
        Brian Pineda, Sergio Palacios, and
        Clayton Seltzer