UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORRELL SANTANA COLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOS ANGELES COUNTY et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-10392-SB-PD<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 39] |

　　　While proceeding pro se, Plaintiff Korrell Santana Cole filed a complaint alleging a host of claims under federal and state law arising from his pretrial detention at the Los Angeles County Men's Central Jail. Dkt. No. 1. Defendants answered, Dkt. No. 30, and now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Dkt. No. 39. Plaintiff, now represented by counsel, filed an opposition in which he also requests leave to amend the complaint. Dkt. No. 40 at 11–12. The Court finds the motion suitable for decision without oral argument and vacates the September 6, 2024 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15. Because Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8, the Court grants Defendants' motion with leave to amend.

I.

　　　A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Because Rule 12(b)(6) "is read in conjunction with Rule 8(a)," *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013), to survive a Rule 12(c) motion, a complaint must satisfy Rule 8(a) and provide "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). To show entitlement to relief,

1

the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In his opposition, Plaintiff invites the Court to apply the pleading standard established in *Conley*,[1] rather than in *Twombly*, because of the liberality rule for pro se complaints. The Court declines the invitation for two reasons. First, the *Conley* test has been abrogated, *see Iqbal*, 556 U.S. at 670 ("*Twombly* retired the *Conley* no-set-of-facts test."), and the liberality rule does not operate to resuscitate *Conley* for pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to pro se complaint). Instead, a pro se complaint is liberally construed under the correct pleading standard (i.e., *Twombly*/*Iqbal*). *Id.*; *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) ("[W]e continue to construe pro se filings liberally when evaluating them under *Iqbal*."). Second, Plaintiff is now represented by counsel, and the fairness principle behind the liberal construction rule loses its force in this circumstance. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## II.

Under any standard, the complaint in this case is deficient.

As a general matter, Plaintiff does not specify which claims are being raised against which Defendant(s), nor can such information be easily gleaned from his allegations. Thus, the complaint fails to give Defendants "fair notice" of his claims and "the grounds upon which [they] rest[]," in contravention of Rule 8. *Twombly*, 550 U.S. at 555 (quotation omitted); *see also Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[The] confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint."). This alone merits dismissal—and the deficiencies are not so limited (as illustrated below).

1.     Plaintiff's claims against Sheriff Robert Luna in his official capacity are treated as a suit against the County of Los Angeles, so he must proceed on these claims under *Monell v. New York City Department of Social Services*, 436

---

[1] *Conley v. Gibson*, 355 U.S. 41 (1957).

U.S. 658 (1978). *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). But Plaintiff fails to adequately allege a policy or custom that caused a deprivation of his federal rights as *Monell* requires. *Id.* at 166. Plaintiff raises only conclusory assertions, unsupported by factual allegations, that there was any policy or custom, *see Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient and need not be accepted as true), and he fails to adequately allege that any alleged policy or custom "actually caused" any violations of his rights, *Connick v. Thompson*, 563 U.S. 51, 70 (2011).

2. Plaintiff raises claims under the Fourteenth Amendment. Those claims, as vaguely alleged, fail to the extent that they are premised on alleged inadequacies in the jail's grievance system or failures to adhere to the grievance procedures at the jail. *See Taek Sang Yoon v. Arnett*, 385 F. App'x 666, 668 (9th Cir. 2010) (There is "no due process right to the handling of grievances in any particular manner.").

3. Plaintiff invokes the Fifth Amendment, which is inapplicable where, as here, the defendants are state, not federal, actors. *Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005).

4. Plaintiff alleges violations of his Eighth Amendment rights, but a pretrial detainee cannot challenge the conditions of his detention under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979) (noting that the Due Process Clause applies when "considering the claims of pretrial detainees").

5. Plaintiff attempts to plead a violation of 18 U.S.C. § 1512(a)(1), a criminal statute for witness tampering that does not provide a private right of action. *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596, 596 (9th Cir. 2010).

6. Plaintiff has not stated a claim for abuse of process under California law because he does not allege any "action taken pursuant to judicial authority" (so there was no "process" abused). *Adams v. Superior Ct.*, 2 Cal. App. 4th 521, 530 (1992).

7. Plaintiff cannot state a claim for "conspiracy tort" because conspiracy is not a cause of action but a means of imposing liability on persons beyond the immediate wrongdoer. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994).

3

  8. Plaintiff purports to assert a "prima facie tort," a doctrine that provides for tort liability for conduct that is not covered by a traditional category of tort liability. *Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1311 (E.D. Cal. 1996), *aff'd sub nom. Cabanas v. Gloodt Assocs., Inc.*, 141 F.3d 1174 (9th Cir. 1998). Plaintiff has not shown that a cause of action is viable under this doctrine based on the allegations in the complaint.

  9. Plaintiff may not raise a separate claim for "gross negligence." There is no distinct cause of action for gross negligence under California law; it is merely a degree of negligence. *Jimenez v. 24 Hour Fitness USA, Inc.*, 237 Cal. App. 4th 546, 552 n.3 (2015).

### III.

Plaintiff requests leave to amend. Dkt. No. 39 at 1. Defendants do not oppose this request. Dkt. No. 40 at 11–12. The request is granted. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires").

\*  \*  \*

Accordingly, the Court grants Defendants' motion for judgment on the pleadings and dismisses Plaintiff's claims with leave to amend. Plaintiff shall file his First Amended Complaint (FAC) no later than September 11, 2024. The FAC should address all the deficiencies raised in this order and in Defendants' motion. Defendants shall answer or otherwise respond to the FAC no later than September 25, 2024. Failure to timely file an FAC will be deemed as consent to the dismissal of Plaintiff's claims with prejudice.

Date: August 28, 2024

              Stanley Blumenfeld, Jr.
              United States District Judge