STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **KORRELL COLE**, <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT LUNA**, *et al*., <br><br> Defendants. | 2:23-cv-10392-SB(PDx) <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' "SUPPLEMENTAL DECLARATION" IN SUPPORT OF DEFENDANTS'** *EX PARTE* **APPLICATION TO MODIFY THE SCHEDULING ORDER** <br><br> Judge Sidney Blumenfeld, Jr. |

Plaintiff's counsel was ill and out of the office from Nov. 2 to the afternoon of Nov. 8, and therefore was unable to respond to defendants' *ex parte* application to modify the scheduling order.

The application should be denied for two, separate reasons: (1) it does not satisfy the criteria for *ex parte* relief, *see Mission Power Engineering Company v. Continental Casualty Company*, 883 F.Supp. 488 (C.D. Cal. 1995); and (2) it does not satisfy the criteria for modification of a scheduling order.

A motion for leave to modify a scheduling order is governed in the first instance by Rule 16(b), Fed. R. Civ. P., and requires a showing of "good cause," which showing here has not been made. Only once good cause first has

1

been shown, will a court proceed to consider the motion under Rule 16. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000), *cert. denied*, 533 U.S. 950 (2001).

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking an amendment and the prejudice to the opposing party, the 'good cause' standard set forth in Rule 16 primarily focuses on the **diligence** of the party requesting amendment." *Schwerdt v. Int'l Fidelity Insur. Co.*, 28 Fed. Appx. 715, 719 (9th Cir. 2002) (emphasis added). That is, good cause can be shown **only if** the pretrial schedule "cannot reasonably be met despite the **diligence** of the party seeking the extension." *Ibid*. (emphasis added); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Turner v. Shering-Plough Corp.*, 901 F.2d 335, 341 n. 4 (3d Cir. 1990) (quoting Fed. R. Civ. P. 16 Advisory Committee notes ((1983 amendment)). "If that party was not diligent, the inquiry should end." *Johnson*, at 609; *Schwerdt*, at 719. So too should the inquiry here end, because defendants wasted their time within which to propound discovery for an unreasonably long period of time once the court issued it scheduling order and given the discovery cutoff date.

The standard for modifying a scheduling order is an exacting one. *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 594 (D. Neb. 1995) (citing *Johnson v. Mammoth Recreations*, 975 F.2d 608, 609 (9th Cir. 1992)); *see also Turner*, 901 F.2d at 341 n. 4 (Rule 16 "'scheduling orders are at the heart of case management,' and if they can be flouted every time counsel determines she made a tactical error in limiting discovery 'their utility will be severely impaired.'").

Here, defense counsel has not established "good cause," and neither cites to nor grapples with the high standards imposed by Rule 16, and has failed to make the necessary showing of diligence. With no apparent citation to authorities having to do specifically with modification of scheduling orders and no discussion of the

2

application of those authorities to the facts presented, the request to modify the scheduling order is fatally defective, and therefore, it should be denied.

As Judge Olguin has held, "The fact discovery cut-off in this case is July 23, 2020. Scheduling and Case Management Order, Dkt. No. 53. The District Judge's Scheduling Order advises that parties [should] 'conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extension of the discovery or other case-related deadlines.' *Id.* at 2." Here, defense counsel did not act diligently, and the application, therefore, should be denied.

As to the supplemental declaration, it is not properly before the court, and if and when it is, plaintiff will respond substantively. Much of what defense counsel states is incorrect and misleading: for example, defense counsel states that plaintiff's counsel advised that he "would . . . suspend the deposition at 9:30 a.m. and would not return until 1:30 p.m. due to a personal appointment." What he leaves out is (1) that he previously was advised of this on the day before the deposition, and that the "personal appointment" was a doctor's appointment that it took over a month to schedule, that could not be changed, and, most importantly, that before the deposition was noticed for Nov. 13, on Oct. 30, plaintiff's counsel advised defense counsel that plaintiff's counsel was not available on Nov. 13. (Also, in the informal discovery conference held on Nov. 8, while plaintiff's counsel was out ill, and which he did not attend, defense counsel did not advise the Mag. Judge that plaintiff's counsel previously advised defense counsel that he would not be available on Nov. 13, and yet he got the Mag. Judge, at nearly 5:00 p.m. on Friday, Nov. 8, to issue an order that the deposition be held on Nov. 13, that plaintiff's counsel did not see until Tuesday, Nov. 12.) This and more all will be fully supported factually and fully briefed in two Rule 72 motions that will be filed on Nov. 19, against the two Mag. Judge orders attached to the supplemental filing.

1   Until the court rules on those two motions, after full briefing, it should not
2   rule on any matters set forth in the application or supplemental filing.

**YAGMAN + REICHMANN, LLP**

By: _____
    **STEPHEN YAGMAN**