UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORRELL SANTANA COLE,<br><br>  Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY et al.,<br><br>  Defendants. | Case No. 2:23-cv-10392-SB-PD<br><br>ORDER DENYING MOTION TO DISMISS [DKT. NO. 67] |

    This action arises out of Plaintiff Korrell Santana Cole's detention at the Men's Central Jail in Los Angeles.  After dismissing all but one of the claims in his First Amended Complaint (FAC), the Court granted Plaintiff leave to amend to add a claim under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), premised on conditions at the jail, Dkt. No. 54.  Plaintiff's Second Amended Complaint (SAC) adds such a claim and attaches exhibits in support. Dkt. No. 56.  Five Defendants—Sheriff Robert Luna, Sergeant Clayton Stelter, and Sheriff's Deputies Andrew Palencia, Brian Pineda, and Sergio Palacios—now move to dismiss this action in its entirety under Federal Rule of Civil Procedure 41(b) or to dismiss the *Monell* claim under Rule 12(b)(6).[1]  Dkt. No. 67.  The Court finds this matter suitable for decision without oral argument and vacates the December 13, 2024 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.  Because this case does not present the extreme circumstances required for Rule 41(b) dismissal, and because Defendants do not show that Plaintiff has failed to state a *Monell* claim, the Court denies the motion.[2]

---

[1] Defendants Kathryn Barger, Holly Mitchell, Janice Hahn, Hilda Solis, and Lindsey Horvath, members of the Los Angeles County Board of Supervisors (Supervisor Defendants), have not yet appeared in this action.

[2] The parties have again failed to meet and confer as required by Local Rule 7-3 and the Court's Standing Order.  Dkt. No. 12.  Defense counsel—who has since been substituted—asserts that they scheduled a meeting with Plaintiff's counsel on

1

I.

The principal facts in the SAC, taken as true for purposes of this motion, are largely unchanged from the FAC, except that Plaintiff has provided additional allegations about the conditions of confinement.

After being convicted and sentenced, Plaintiff was detained at the jail on unrelated charges in 2022 and 2023. Dkt. No. 56 ¶¶ 5, 15, 41. At the jail, Plaintiff filed multiple grievances against Dep. Palencia, which Sgt. Stelter reviewed but failed to process or act on. *Id.* ¶¶ 34–38, 50, 52–53. Plaintiff describes a subsequent incident in which Dep. Palencia retaliated against him for filing grievances by handcuffing him and causing him to fall down a stairwell. *Id.* ¶¶ 16–30. He also claims that prison guards engaged in a "campaign of harassment" to dissuade him from filing grievances and civil suits. *Id.* ¶¶ 54–55.

Plaintiff separately alleges that he was subjected to unsanitary conditions at the jail, which Sheriff Luna and the Supervisor Defendants, as a matter of custom, failed to address. *Id.* ¶¶ 15, 62, 65, 78–81. More specifically, he alleges that his cells were infested with cockroaches and had broken toilets that overflowed onto the cell floors. *Id.* ¶¶ 78–79. As further evidence, he attached to the SAC reports from the Sybil Brand Commission for Institutional Inspections and articles from the Los Angeles Times detailing the poor jail conditions. *Id.* ¶ 81 n.2; Dkt. No. 56-1.

Plaintiff filed his initial complaint alleging much of the conduct described above. Dkt. No. 1. Defendants filed an answer and moved for judgment on the pleadings, which the Court granted. Dkt. Nos. 30, 46. Plaintiff then filed his FAC, which raised four claims: (1) a 42 U.S.C. § 1983 claim for violations of his First, Fourth, Eighth, and Fourteenth Amendment rights; (2) a § 1983 conspiracy claim; (3) a conspiracy claim under 42 U.S.C. § 1985(3); and (4) a § 1983 claim under

---

November 8, 2024 (the deadline under Rule 7-3), but Plaintiff's counsel never appeared. Dkt. No. 67-1 ¶ 2. When the parties did speak on November 12, 2024, they did not discuss the substance of the motion to dismiss, which Defendants assert was due to Plaintiff's counsel's refusal to do so. *Id.* ¶ 3. The Court declines to take action in the hope that the appearance of new defense counsel will allow the parties to act more professionally. If not, the parties should expect to be subject to sanctions.

*Monell* against Sheriff Luna.  Dkt. No. 48.  The Court dismissed the conspiracy and *Monell* claims but granted Plaintiff leave to add a *Monell* claim based on conditions at the jail.  Dkt. No. 54.

The SAC asserts three causes of action:  (1) a § 1983 claim against all Defendants for violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments (Count 1); (2) a § 1983 *Monell* claim against Sheriff Luna and the Supervisor Defendants based on the violations of his rights identified in Count 1 (Count 2); and (3) a § 1983 *Monell* claim against Sheriff Luna and the Supervisor Defendants alleging unconstitutional conditions at the jail (Count 3).  Dkt. No. 56.  Defendants Luna, Palencia, Pineda, Palacios, and Stelter now move to dismiss the action under Rule 41(b) and to dismiss Counts 2 and 3 under Rule 12(b)(6).  Dkt. No. 67.

II.

The principal basis of the motion is the defense claim that Plaintiff has committed "repeated violations" of court orders that justify dismissal under Rule 41(b).  Dkt. No. 67 at 11; *see* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").  This is an extraordinary request, demanding a showing of "extreme circumstances" that warrant the "harsh penalty" of dismissal under Rule 41(b).  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

Defendants first argue that the SAC's purported deficiencies reflect Plaintiff's noncompliance with the Court's orders granting leave to amend—i.e., the inclusion of the dismissed *Monell* claim and the lack of a "settled operative complaint."  Dkt. No. 67 at 5.  These asserted deficiencies, however, do not satisfy the Rule 41(b) standard.  *Cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming dismissal where plaintiff failed to file an amended complaint as ordered); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal where "plaintiff's counsel disregarded repeatedly the deadlines set by the district court").  The inclusion of Count 2 in the SAC does exceed the scope of the order granting leave to amend, but the proper judicial response is to strike or dismiss that claim, *see McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (noting that district courts should consider "less drastic alternatives" before dismissing with prejudice under Rule 41(b)), which Plaintiff has agreed to withdraw, Dkt. No. 78.  Nor does the lack of a settled complaint provide grounds for Rule 41(b) dismissal.  Pleading delays, while unfortunate, are anticipated

3

within the framework of the federal rules. Fed. R. Civ. P. 15(a) (requiring a court to "freely give leave when justice so requires"); *see Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (noting that Rule 15 has been "applied with extreme liberality") (cleaned up).

Defendants also assert that Plaintiff has not complied with his discovery obligations. Dismissal is inappropriate on this ground because there has been no final determination that Plaintiff has violated any discovery rule or order. Indeed, the magistrate judge presiding over discovery disputes in this case is currently reconsidering her prior orders overruling Plaintiff's objections to Defendants' written discovery requests, directing him to respond to those requests, and ordering him to appear for deposition. Dkt. Nos. 74, 82. Thus, the relevant facts fall short of the Rule 41(b) standard. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) ("The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'") (cleaned up).

Accordingly, the Court denies Defendants' request for the exceptional relief of involuntary dismissal under Rule 41(b).

### III.

Defendants next move to dismiss Plaintiff's *Monell* claims in Counts 2 and 3 under Rule 12(b)(6). Because Plaintiff has withdrawn Count 2, it is dismissed with prejudice, and the Court only addresses the arguments directed at Count 3.

### A.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an

entitlement to relief." *Id.* at 679.  There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Id.*[3]

B.

In Count 3, Plaintiff asserts a *Monell* claim against Sheriff Luna and the Supervisor Defendants, acting in their official capacities, for unconstitutional jail conditions.  He alleges that they have, by custom or policy, failed to remedy "horrific" conditions in the jail, which include "[b]ad plumbing," "broken toilets in his numerous cells, over-flowing with urine and feces, all over the floors in his cells," and cockroaches "all over his cells."  Dkt. No. 56 ¶¶ 15, 62, 68, 73, 78–81.

The Eighth Amendment's prohibition on cruel and unusual punishment prohibits government officials from acting with deliberate indifference to an inmate's health and safety.  *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).  To succeed on his conditions-of-confinement claim under *Monell*, Plaintiff must first show the conditions deprived him of the "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), such as sanitation, *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *amended*, 75 F.3d 448 (9th Cir. 1995) (opining that a "lack of sanitation that is severe or prolonged" can violate the Eighth Amendment); *see also Martino v. Carey*, 563 F. Supp. 984, 999 (D. Or. 1983) ("Functioning plumbing, including toilets, sinks and showers, is a basic necessity of civilized life.").  He must then "identify a custom or policy, attributable to the municipality" that caused the alleged deprivation and was "adhered to with deliberate indifference to the constitutional rights of the jail's inhabitants."  *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (cleaned up).  For municipal liability, the deliberate indifference standard is an objective one that is satisfied if "the facts available to [county] policymakers put them on actual or constructive notice that the particular omission [or act] is substantially certain to result in the violation of the constitutional rights of their citizens."  *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 396 (1989) (O'Connor, J., concurring in part and dissenting in part)).

---

[3] Plaintiff, again, seeks to apply the "no-set-of-facts test" from *Conley v. Gibson*, 355 U.S. 41 (1957) and cites to numerous pre-*Twombly* cases.  The Court has twice explained that *Conley* has been abrogated.  Dkt. No. 46 at 2; Dkt. No. 54 at 4 n.3.

Defendants' Rule 12(b)(6) challenge—which is limited to four bullet points of conclusory contentions that do not address the applicable legal standard or specifically analyze the relevant allegations—is insufficient to satisfy their burden to show that dismissal is warranted. Dkt. No. 67 at 7–8; *see also id.* at 1–3 (cursorily referring to the SAC and exhibits without any significant analysis).[4]

First, Defendants contend that the allegations of unconstitutional conditions in the SAC are conclusory. But they ignore the conditions that Plaintiff alleges he experienced (i.e., malfunctioning toilets that contaminated his cells with feces and urine) and the conditions described in the unchallenged exhibits attached to the pleading. Dkt. No. 56 ¶¶ 78–79; Dkt. No. 56-1.

Second, Defendants assert—in a one-sentence argument—that Plaintiff has failed to show deliberate indifference. But they fail to contend with the attached Sybil Brand Commission reports, which describe numerous instances of poor plumbing and other unsanitary conditions in various areas of the jail. *See, e.g.*, Dkt. No. 56-1 at 10, 22–23, 39 (reports from January 2022, March 2022, and July 2023 identifying broken toilets, black mold, "little to no cleaning" inside the cells, general "squalor," and "filthy" floors). Defendants refer to these exhibits only once in their motion and, without analysis or authority, assert that they do not provide notice of any unconstitutional conditions. Dkt. No. 67 at 3. This is insufficient to challenge a claim. *See John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (finding that a party "waived" an argument by "fail[ing] to develop [it]").

Third, Defendants argue that Plaintiff's *Monell* claim cannot be premised solely on alleged failures to act. While this is true for a *Monell* claim premised on a policymaker's "ratification" of an unconstitutional action by a municipal employee, *e.g.*, *Shelton v. Ekchian*, No. 2:23-CV-10427-CBM, 2024 WL 3993884, at *7 (C.D. Cal. July 12, 2024) (collecting cases), Plaintiff also alleges a "custom of unconstitutional conditions of confinement" that Defendants failed to remedy.

---

[4] Defendants also incorrectly assert that Count 3 is duplicative of Count 1 because Count 1 alleges all Defendants, including Sheriff Luna and the Supervisor Defendants, violated Plaintiff's right to be free of "unconstitutional conditions of confinement." Dkt. No. 56 ¶ 69. Count 1 alleges that Sheriff Luna and the Supervisor Defendants are responsible for the "violations committed by the deputy sheriff defendants"—i.e., the alleged acts of retaliation and excessive force, not the unsanitary conditions raised only in Count 3. *Id.* ¶ 70.

Dkt. No. 56 ¶¶ 68, 80–82.  Defendants have not developed any argument to show that such an alleged custom is insufficient to support a *Monell* claim.  *See Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (opining that a *Monell* claim can be based on allegations that a "municipality, through inaction, failed to implement adequate policies or procedures to safeguard its community members' federally protected rights"); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (same).[5]

Accordingly, the Rule 12(b)(6) motion to dismiss is denied.

IV.

Defendants have not demonstrated that dismissal is justified under Rule 41(b) or 12(b)(6).  The motion is therefore denied, except that Count 2—which has been withdrawn—is dismissed with prejudice.

Date: December 11, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[5] Defendants also note that Count 3 contains certain allegations previously found insufficient to state a *Monell* claim.  Dkt. No. 67 at 9.  This is true.  *Compare* Dkt. No. 56 ¶¶ 73–77, *with* Dkt. No. 48 ¶¶ 62, 65, *and* Dkt. No. 54 at 5–7.  While the inclusion of these allegations in the revised *Monell* claim constitutes poor pleading practice, Defendants have not shown that the remaining allegations—which address conditions of confinement—fail to state a claim.  Dismissal is therefore not warranted.  *See Dermansky v. Young Turks, Inc.*, No. 2:23-CV-05868-SB, 2023 WL 8884364, at *2 (C.D. Cal. Nov. 3, 2023) (noting that Rule 12(b)(6) does not "permit piecemeal dismissals of parts of claims") (cleaned up).